UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re:
**NORMAN KASUBOWSKI**          Case No. 09-20128
                               Chapter 13
                               HON. DANIEL OPPERMAN

          Debtor            /

### MOTION FOR CONTEMPT AND IMPOSING SANCTIONS AGAINST KARL J. STONE, MARILYN WOLLENWEBER, DAVID STONE AND THEIR ATTORNEY GREGORY C. ROTTER FOR WILFULLY VIOLATING THE AUTOMATIC STAY

NOW COMES, Debtor NORMAN KASUBOWSKI, by his attorney, CARL C. SILVER moves for sanctions, including actual and punitive damages pursuant to §362(k)(1), against Karl J. Stone, Marilyn Wollenweber, David Stone and their attorney Gregory C. Rotter for willfully violating the automatic stay. In support of this Motion debtor states as follows:

1. This Court has jurisdiction to hear debtor's Motion under 28 U.S.C. §1334. This is a core matter under 28 U.S.C.§157(b)(2)(G).

2. Debtor filed for Chapter 13 Bankruptcy Protection on January 20, 2009.

3. On Schedules B and C Debtor listed and exempted his interest in bank accounts at Fifth Third Bank with a balance of $4,000. Debtor in the process of winding down the affairs of his former dba Great Lakes Forest Products and starting up a new LLC as an entity to continue his business affairs to provide him income.

4. The Court's docket report and the creditor meeting notice indicates that the clerk of court sent the creditor meeting notice to creditors on January 21, 2009.

5. Karl J. Stone et al was listed as a creditor in care of attorney Gregory Rotter on page 6 of 14 of schedule F setting forth a September 4, 2008 judgment in the disputed amount $96,000.

6. Counsel for debtor received no mail from the BNC Noticing Center to the effect that the notice was not received by attorney Gregory C. Rotter.

7. That with full knowledge of debtor's bankruptcy on January 30, 2009 Gregory C. Rotter caused to be issued the request and writ for garnishment a copy of which is attached hereto and marked Exhibit B.

8. On February 5, 2009 the garnishee defendant Fifth Third Bank legal operations prepared a garnishee disclosure which was filed with the Cheboygan County Clerk on February 10, 2009 a copy of which is attached as Exhibit C.

9. On March 13, 2009 counsel for debtor sent attorney Gregory C. Rotter a courtesy letter reminding him that Mr. Kasubowski filed for Chapter 13 Bankruptcy Protection on January 20, 2009 and requested that he file a garnishment release and see to it that money is restored to Mr. Kasubowski or his bank account or in Mr. Rotter's possession return to Mr. Kasubowski in care of debtor's attorney.

10. On March 16, 2009 counsel for debtor received a fax letter from attorney Gregory Rotter wherein he took the position that since the bank honored the garnishment and that since he claimed he did not receive notice prior to the bank honoring the garnishment that he could keep it.

11. On August 4, 2009 counsel for debtor sent Mr. Rotter another courtesy letter reminding him that he was in violation of the stay provisions of the bankruptcy code and politely requested that the monies be returned to Mr. Kasubowski which letter was ignored.

12. Upon information and belief of debtor's attorney Mr. Gregory C. Rotter is still holding said funds.

13. On October 6, 2009 counsel for debtor faxed attorney Rotter a letter advising that Mr. Kasubowski's Chapter 13 would be dismissed but the same would be reinstated again reminding Mr. Rotter that if the money is not returned the case would be reopened whether or not the case is reinstated for the purpose of filing a Motion against him for sanctions for violation of the automatic stay which letter was ignored.

14. Until such time as debtor's Chapter 13 is confirmed the $2,438.61 garnished by Karl J. Stone, et al and their attorney Gregory C. Rotter property of the estate subject to the debtor's d5 exemption.

15. The acts of Karl J. Stone et al and their attorney Gregory C. Rotter clearly constitute an intensional and malicious disregard for the automatic stay provisions of the Bankruptcy Code and warrant entry of an Order holding Karl J. Stone et and their attorney Gregory C. Rotter in contempt.

WHEREFORE, debtor prays this Honorable Court enter and Order:

a. Holding Karl J. Stone, Marilyn Wollenweber, David Stone and their attorney Gregory C. Rotter in contempt for violating the automatic stay provisions of the Bankruptcy Code and;

b. Award debtor actual costs, attorney fees and punitive damages to compensate debtor for monies lost as a result of bounced checks and press upon Mr. Stone and Mr. Rotter the importance of the automatic stay provisions of the Bankruptcy Code and;

      c.      Enter an Order compelling Karl J. Stone et al and hold their attorney Gregory C. Rotter to immediately return to debtor in care of debtor's attorney the $2,438.61 wrongfully being held by them.

Dated: November 19, 2009

/s/Carl C. Silver
Carl C. Silver (P26501)
230 S. Third Avenue
Alpena, MI 49707
(989)356-6323
csilver@chartermi.net